UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-60447

ALLISON PARKER,

    Plaintiff,

v.

WELTMAN, WEINBERG & REIS CO., LPA,
and BRANCH BANKING AND TRUST COMPANY,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff Allison Parker ("Plaintiff") sues Defendant Weltman, Weinberg & Reis Co., LPA, and Defendant Branch Banking and Trust Company (collectively, "Defendants") for violations of 15 U.S.C §1692 *et seq*., the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. §1367.

3. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5. Weltman, Weinberg & Reis Co., LPA ("Defendant-DC") is an Ohio limited partnership association, with its principal place of business located in Cleveland, Ohio.

6. Defendant-DC engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

7. At all times material, Defendant-DC was acting as a debt collector in respect to the collection of Plaintiff's debts.

8. Branch Banking and Trust Company ("Defendant-Creditor") is a North Carolina corporation, with its principal place of business located in Winston-Salem, North Carolina.

9. At all times material, Defendant-Creditor was the creditor of the debts Defendant-DC sought to collect from Plaintiff.

## DEMAND FOR JURY TRIAL

10. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

11. On a date better known by Defendant-DC, Defendant-DC began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

12. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Plaintiff and Defendant-Creditor, the creditor of the Consumer Debt, involving an unsecured line of credit (the "Subject Service").

13. The Subject Service was primarily for personal, family, or household purposes.

14. Defendant-DC is a business entity engaged in the business of soliciting consumer debts for collection.

15. Defendant-DC is a business entity engaged in the business of collecting consumer debts.

16. Defendant-DC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendant-DC is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

18. Defendant-DC's "Consumer Collection Agency" license number is CCA0900761.

19. Defendant-DC maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

20. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant-DC does maintain, are current to within one week of the current date.

21. On a date better known to Defendant-DC, Defendant-DC sent a collection letter, internally dated June 21, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

22. The Collection Letter is a communication from Defendant-DC to Plaintiff in connection with the collection of a debt.

23. The Collection Letter represents an action to collect a debt by Defendant-DC.

24. Defendant-DC identifies itself as a "debt collector" in the Collection Letter.

25. Defendant-DC identifies the Collection Letter as a "communication [] from a debt collector attempting to collect a debt…." Exhibit A.

26. Defendant-DC did not exercise any professional judgment, as an attorney, before mailing the Collection Letter to Plaintiff.

27. Defendant-DC did not conduct a meaningful review of Plaintiff's file prior to mailing the Collection Letter to Plaintiff.

28. Defendant-DC did not mail the Collection Letter to Plaintiff in Defendant-DC's capacity as an attorney.

29. The Collection Letter represents the initial communication received by Plaintiff from Defendant-DC in connection with the collection of the Consumer Debt.

30. The Collection Letter does not contain the disclosures required by 15 U.S.C. § 1692g(a)(3)-(5).

31. Defendant-DC did not send Plaintiff a written notice containing the disclosures required by 15 U.S.C. 1692g(a)(3)-(5) within five days of Defendant's initial communication with Plaintiff in connection with the Consumer Debt.

32. Defendant-DC holds itself out to the public as "*a collection agency operating within a creditors' rights law firm.*"[1]

### COUNT I.
### VIOLATION OF 15 U.S.C. § 1692e(3)
(*against Defendant-DC*)

33. Plaintiff incorporates by reference paragraphs 1-32 of this Complaint as though fully stated herein.

34. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The

---

[1] This information is predominantly displayed on Defendant's law firm website. *See* https://www.weltman.com/firm-history (last visited, February 21, 2020).

PAGE | **4** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney.*" 15 U.S.C. 1692e(3). (emphasis added).

35.     Here, Defendant-DC sent the Collection Letter to Plaintiff using its law firm letterhead, but in so doing, Defendant-DC did not exercise any professional judgment, as an attorney, before sending the Collection Letter to Plaintiff, nor did Defendant-DC did not otherwise conduct a meaningful review of Plaintiff's file prior to mailing the Collection Letter to Plaintiff.

36.     The Collection Letter's use of law firm letterhead falsely represents and/or implies that the Collection Letter was a communication from an attorney. *See* Boyd v. Wexler, 275 F.3d 642, 647 (7th Cir. 2001) (finding that although the collection attorney's affidavit stated that he reviewed every file before a [collection letter] was sent, the mere volume of that undertaking (tens of thousands in some weeks, hundreds of thousands of dunning letters a year) was sufficient to permit a reasonable jury to conclude that "the defendant violated the FDCPA by rubber stamping his clients' demands for payment, thus misrepresenting to the recipients of his dunning letters that a lawyer had made a minimally responsible determination that there was probable cause to believe that the recipient actually owed the amount claimed by the creditor.").

37.     As such, Defendant-DC violated § 1692e(3) of the FDCPA, by and through the Collection Letter, by falsely representing and/or imply to the least sophisticated consumer that the Collection Letter was a communication from an attorney.

38.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: **[1]** Statutory damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate and just under the circumstances.

PAGE | **5** of **10**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *COUNT II.*
## **VIOLATION OF 15 U.S.C. § 1692g(a) and § 1692e**
(*against Defendant-DC*)

39. Plaintiff incorporates by reference paragraphs 1-32 of this Complaint as though fully stated herein.

40. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, § 1692g mandates, inter alia, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> …
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 .S.C. §1692g(a)(3)-(5).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

41. Here, the Collection Letter represents Defendant-DC's initial communication with Plaintiff in connection with the collection of the Consumer Debt. The Collection Letter, however, did not contain the disclosures required by 15 U.S.C. §1692g(a)(3)-(5), nor did Plaintiff receive a written notice containing such disclosures within five (5) days thereof. As such, Defendant-DC violated § 1692g(a) of the FDCPA by failing to provide Plaintiff with the disclosures codified by § 1692g(a)(3)-(5) that Defendant-DC was required to provide Plaintiff within the Collection Letter or within five days thereof.

42. Further, turning to language of the Collection Letter, Defendant-DC states: "*[a]s you are aware the above referenced account has been placed with us to collect the outstanding balance due and owing on this account to the current creditor referenced above*." Exhibit A (emphasis added). As noted above, the Collection Letter represents Defendant-DC's initial communication with Plaintiff in connection with the collection of the Consumer Debt, and as such, Defendant's causes the least sophisticated consumer to falsely believe that Defendant-DC had previously notified the consumer of such information. As such, Defendant-DC violated § 1692e of the FDCPA by causing the least sophisticated consumer to falsely believe that Defendant-DC had previously notified the consumer that Defendant-DC was attempting to collect a debt from him or her

43. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC, awarding Plaintiff the following relief: **[1]** Statutory damages as provided by 15 U.S.C. § 1692k; **[2]** Costs and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k; and **[3]** Any other relief that this Court deems appropriate and just under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT III.
## VIOLATION OF FLA. STAT. § 559.72(11)
(*against Defendant-DC and Defendant-Creditor*)

44. Plaintiff incorporates by reference paragraphs 1-30 of this Complaint as though fully stated herein.

45. Pursuant to § 559.72(11) of the FCCPA, in collecting consumer debts, no person shall: "*[c]ommunicate with a debtor under the guise of an attorney by using the stationery of an attorney or forms or instruments that only attorneys are authorized to prepare.*" Fla Stat. § 559.72(11) (emphasis added). Here, the Collection Letter uses Defendant's law firm letterhead, despite the fact that the Collection Letter is *not* correspondence send by Defendant-DC in its capacity as an attorney or law firm.

46. By and through the Collection Letter, Defendant-DC wrongfully causes the least sophisticated consumer to believe meaningful and adequate scrutiny of the consumer's file occurred before the Collection Letter was mailed. As mentioned above, however, Defendant-DC did not exercise any professional judgment, as an attorney, or conduct any meaningful review of Plaintiff's file, prior to mailing the Collection Letter. Simply put, the Collection Letter was mailed to Plaintiff by Defendant-DC in Defendant-DC's capacity as a debt collector – not an attorney. As such, Defendant-DC violated Fla. Stat. § 559.72(11) by communicating with Plaintiff under the guise of an attorney by utilizing the stationery of an attorney.

47. In Bent v. Smith, Dean & Associates, Inc., the Middle District of Florida found a creditor's liability for a debt collector's violations of the FCCPA a question of agency, stating that:

> Under Florida law, a principal may be held liable for the acts of its agent that are within the course and scope of the agency. Roessler v. Novak, 858 So.2d 1158, 1161 (Fla. 2nd DCA 2003). Although some agencies are based upon an express agreement, a principal may be liable to a third party for acts of its agent which are within the agent's apparent authority. Id. Vicarious liability for the actions of an

> independent contractor requires a showing of actual or apparent authority. *See*, Whetstone Candy Co., Inc. v. Kraft Foods, Inc., 351 F.3d 1067, 1077 (11th Cir.2003), … [whereby] [a]pparent authority is authority which a principal knowingly tolerates or permits, or which the principal by its actions or words holds the agent out as possessing. Roessler, 858 So.2d at 1161.

2011 WL 2746847, at *3 (M.D. Fla. July 14, 2011).

48.  With respect to the matter at hand, at minimum, Defendant-DC acted with apparent authority in attempting to collect the Consumer Debt on Defendant-Creditor's behalf. Defendant-DC sought to collect the Consumer Debt from Plaintiff because Defendant-DC had contracted with Defendant-Creditor for the provision of such services.

49.  Defendant-Creditor purposely provided Defendant-DC with the requisite information to collect the Consumer Debt from Plaintiff, including but not limited to, Plaintiffs address, the loan balance, and interest rate.

50.  Here, the above-mentioned violation of § 559.72(11) is the result of Defendant-DC's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Defendant-DC and Defendant-Creditor, and as a result, Defendant-Creditor is vicariously liable for such FCCPA violation.

51.  WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-DC and Defendant-Creditor, awarding Plaintiff the following relief: **[1]** Statutory damages as provided under Fla. Stat. §559.77(2); **[2]** An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees as provided by Fla. Stat. §559.77(2); and **[4]** Any other relief that this Court deems appropriate and just under the circumstances.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

dated: February 28, 2020

                                                                         Respectfully Submitted,

                                                                         /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

*COUNSEL FOR PLAINTIFF*